**UNITED REFINING COMPANY,**
**Plaintiff,**

v.

**DEPARTMENT OF ENERGY and Donald P. Hodel, Secretary of Energy, Defendants.**

**Civ. A. No. 79–144 ERIE.**

United States District Court,
W.D. Pennsylvania.

May 31, 1984.

J. Tomlinson Fort, Reed, Smith, Shaw & McClay, Pittsburgh, Pa., Joseph T. Casey, Akin, Gump, Hauer & Field, Washington, D.C., for plaintiff.

Floyd I. Robinson and David A. Engels, Dept. of Energy, Washington, D.C., for defendants.

MEMORANDUM OPINION

WEBER, District Judge.

Plaintiff in this action challenges the procedure and substantive validity of the "deemed recovery rule" promulgated on September 1, 1974. Based on recent developments in the Temporary Emergency Court of Appeals (TECA), DOE now moves for summary judgment on all claims. Plaintiff has responded with a motion to dismiss its complaint without prejudice, suggesting a possible alternative in administrative proceedings. For the reasons stated below, we will deny plaintiff's motion to dismiss and grant summary judgment to defendant on all claims.

■ First, as to plaintiff's motion, we see no reason to permit dismissal without prejudice at this late date. The parties have invested a substantial amount of resources in litigating this action, including extensive discovery and the briefing of various potentially dispositive issues. Dismissal at this stage would seriously prejudice the DOE particularly when they have raised and briefed a motion for summary judgment. Furthermore, as to plaintiff's suggestion of administrative proceedings, plaintiff has always had such an option but chose this forum, and we see no need to educate another panel on this litigation when we are fully familiar with it. Plaintiff's motion will be denied.

■ The matters raised by DOE's motion for summary judgment were previously briefed by the parties some time ago when cross-motions were filed. We denied those motions without prejudice to their renewal, in order to first resolve the possibly dispositive defense of laches. However, recent decisions in other similar suits have prompted DOE to renew the motion for summary judgment. The parties have stated their positions on the law and no disputed issue of material fact appears. The matter is ripe for summary judgment.

The question of procedural validity was squarely addressed and resolved in *Mobil Oil Corp. v. DOE*, 728 F.2d 1477 (TECA 1983). That court concluded that the FEA's manner of adoption of the "Deemed Recovery Rule" was proper. The same charge of procedural invalidity has been made here and the facts do not differ in any material respect. Based on the TECA's holding in *Mobil* we must grant summary judgment in favor of DOE on the claims of procedural invalidity.

■ Plaintiff has also alleged that the Rule is substantively invalid because it is not consistent with other federal regulations and statutes. Although the TECA did not expressly address this question in *Mobil*, it did implicitly uphold the substantive validity of the regulation. The Court's holding that the FEA had good cause to invoke emergency rulemaking procedures implicitly recognizes that the substance of the regulation was within the agency's power vis a vis existing legislation.

A similar decision has been reached in *Go-Tane Service Stations, Inc. v. Clark Oil Refining Corp.*, No. 79–C–1674, slip opinion (N.D.Ill. Jan. 16, 1984). That court considered the *Mobil* holding, granted summary judgment on Go-Tane's procedural attack, and also disposed of the claims of substantive invalidity. Addressing the same arguments that have been raised here, that court concluded that the "Deemed Recovery Rule" allowed reasonable opportunity for "passthroughs",[1] did not conflict with existing provisions for recoupment of producer costs, and was therefore valid. We agree.

For the reasons stated above, plaintiff's Motion to Dismiss without prejudice will be denied and defendant's Motion for Summary Judgment will be granted on all claims.

1. For discussion of passthroughs under 15 U.S.C. § 753(b)(2)(A), see, *Exxon Corp. v. FEA*, 398 F.Supp. 865 (D.D.C.1975), aff'd sub nom., *Texaco Inc., v. FEA,* 531 F.2d 1071 (TECA 1976).